MEMORANDUM **
Lucretia Johnson appeals the district court’s order affirming the Administrative *520 Law Judge’s (ALJ’s) partial denial of benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
First, substantial evidence supported the ALJ’s conclusion that the opinions of Drs. Thompson and Leon were inconsistent with the findings of Dr. Polner. Dr. Pol-ner’s evaluation is relevant evidence even though it addressed . Johnson’s workers’ compensation claim. See Desrosiers v. Sec’y of Health & Human Servs., 846 F.2d 573, 574-78 (9th Cir. 1988). The record establishes that Dr. Polner’s report clearly contradicted the opinions of Drs. Thompson and Leon. For example, Dr. Polner’s 2011 report concluded that Johnson should be given vocational rehabilitation to find another job whereas in 2012 Drs. Thompson and Leon opined that Johnson could not work at all. Similarly, in 2011 Dr. Polner concluded “none of the testing suggests that [Johnson’s] clinical symptoms are grossly incapacitating.” Dr. Thompson, however, found that Johnson was “unable to work secondary to depression, anxiety, cognitive deficits, and emotional instability. She will remain off work indefinitely.” Dr. Leon likewise reported that Johnson’s symptoms fell under the most grave categorization level (“severe”) for twelve out of twenty rating parameters included in the Social Security Administration’s Medical Source Statement form. As such, substantial evidence supported the ALJ’s conclusion that Dr. Polner’s report contradicted the opinions of Drs. Thompson and Leon.
Second, the reports of Drs. Thompson and Leon regarding Johnson’s purported inability to work and Johnson’s testimony to the same end also contradicted her admitted daily activities. Matriculating in basic college classes (even with academic accommodations), driving to doctor appointments and to college Monday through Thursday, preparing her own meals and doing her own laundry, and participating in physical exercise classes together are clearly inconsistent with the notion that Johnson could not work at all. In particular, Johnson’s testimony that the intensity and persistence of her symptoms limited her ability to work was not credible because it contradicted her extensive daily activities and college matriculation. The ALJ gave specific, clear, and convincing reasons for finding Johnson’s testimony regarding the severity of her symptoms less than credible. Robbins v. SSA, 466 F.3d 880, 883 (9th Cir. 2006),
For these reasons, the ALJ also properly concluded that Drs. Thompson and Leon’s opinions contradicted both Dr. Pol-ner’s report and Johnson’s admitted daily’ activities. As such, “specific and legitimate reasons supported by substantial evidence in the record” existed for the ALJ properly to discount the opinions of Drs. Thompson and Leon as well as Johnson’s testimony regarding her inability to work. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted).
Third, because the ALJ rightly discounted the opinions of Drs. Thompson and Leon as well as Johnson’s testimony regarding the severity of her symptoms, it was proper not to include the vocational limitations suggested by this evidence in the hypothetical questions the ALJ posed to the vocational expert (VE). Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (explaining that an ALJ need pose only'hypothetical questions to a VE based on limitations found' credible and supported by substantial evidence in the record). The learning disability diagnosed by Dr. Webster, even if included in the hypothetical questions to the VE, would not have been relevant to determining whether Johnson could perform unskilled and simple entry level work.
Fourth, the 'ALJ’s determination that Johnson improved medically after April *521 2011 complied with relevant regulations and law. As required by 20 C.F.R. § 404.1594(b)(1) and Attmore v. Colvin, 827 F.3d 872, 876 (9th Cir. 2016), the ALJ considered Johnson’s symptoms during her closed period of disability before April 2011 and later assessed Johnson’s symptoms after April 2011 when medical improvement had purportedly occurred. The ALJ explicitly relied on the findings of Dr. Polner’s 2011 report, which itself compared the medical evidence used to determine that Johnson was disabled before April 2011 with the medical evidence used to determine that she later medically improved. As such, the ALJ’s determination that Johnson medically improved as of April 2011 was legally proper and supported by substantial evidence.
In sum, the district court properly granted the Social Security Commissioner’s cross-motion for summary judgment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.